PATTERSON, J.
— The complaint in this action (in which the defendant Wight alone has appeared and answered) sets forth facts constituting an original liability of the defendants Newell & Wight, as copartners on two cases of action, and it likewise counts upon two judgments recovered by the plaintiff in the state of New Jersey on such causes of action. At the trial of this cause the plaintiff elected to proceed upon the judgments, and not on the original causes of action. One of such judgments was rendered in the circuit court of Union county, N. J., on the 28th day of June, 1883, and the other in the same court on the 5th day of December, 1883. Both were in actions upon contract, giving rise to an alleged copartnership indebtedness. The defendant Newell was served with process. The defendant Wight was a nonresident of New Jersey. Newell made default in appearing, and Wight, personally, was in no way brought' within the jurisdiction of the court. Judgments in form as in actions in personam were entered, but both records recite that Wight was not served. It is insisted by the plaintiff'that the judgments are enforceable, by action in the courts of this state, against the joint property of the defendants in this jurisdiction ; that they are prima facie evidence of a joint indebtedness; and that under the provision of the constitution of the United States relating to judgments and decrees of sister states, and the act of congress of the year 1790 upon the same subject, both defendants are bound by the judgments, so far as copartnership property is concerned, whatever the situs of that property may bei The precise claim of the plaintiff is that the New Jersey judgments bind Newell absolutely, and are enforceable against him in any state of the Union; that they do not bind *589 Wight as an individual, but that they, do bind the joint property of Newell & Wight, subject to the right of the latter to contest the facts or allegations in the declarations upon which the judgments are founded.' To the first term of the plaintiff’s proposition, no objection is made. The judgments are conclusive upon Newell individually. Nor is it to oe doubted that, as against Wight personally, they are of no validity. Pennoyer v. Neff, 95 U. S. 714, and cases cited in the opinion of the court. The question now before us relates to the effect of the judgments upon the defendant Wight as a joint debtor, and whether they constitute such final adjudications as compel the courts of another state to give enforcement to them against, joint property situate in that other state, for/such is the form and substance of the ruling the plaintiff requested the court below to make on the submission of the cause.
The provision of the act of congress respecting judgments of the courts of one state, sought to be enforced through those of another, gives to them, in the state in which they are sued upon, the same force and effect they would have in the state in which they were rendered, and no more. There is a stipulation in this record that the effect in the state of New Jersey of the judgments under consideration is the same as that of judgments of a like character recovered in the courts of New York. The Code of Civil Procedure of this state provides that in an action for a sum of money, against two or more defendants alleged to be jointly indebted, if the summons is served on one or more, but not on all, of the defendants, the plaintiff may proceed against those served, and, if he recovers a final judgment, it may be entered against all the defendants jointly indebted. Such a judgments is conclusive of the liability of each defendant upon whom the summons is served, or who has appeared; but, as against a defendant who has not been served, it is evidence only of the extent of the plaintiff’s demand, after the liability of that defendant has been established by other evidence. Upon such a judgment, execution may issue in form against all the defendants, but an indorsement must be made thereon of the names of each defendant who was'not served; and such execution may be levied upon the property of the defendants summoned, and the joint property of all the defendants. It is now urged that the New Jersey judgmentshaving, by stipulation, the same qualities and incidents as those of New York, they may be sued upon in this state, for the purpose of giving them, in this state, the effect of domestic judgments. But what is that effect? The provisions of the Code above referred to merely subject the interest in the joint property of the defendant not served to a judgment analogous to one in rem. IE that is the nature of the judgment, the contention of the plaintiff fails, for the reason that it ignores the fundamental principle that judgments of that character are, so to speak, merely local, and have no force* or validity, outside of the state in which they are rendered, to establish indebtedness against a person not served with process, who has never had his day in court, and has never been heard, nor had an opportunity to be heard, in resistance of the claim asserted against him. The practice, procedure. *590 and process of the state of New York cannot, by any device, be. given extraterritorial operation, and are of no binding obligation upon nonresidents not brought within the jurisdiction by due process of law, or who do not, in some recognized and sufficient man-' ner, submit to that jurisdiction. The subject, in a very pertinent form, was before the supreme court of the United States in the case of D’Arcy v. Ketchum, 11 How. 165, which was in error to a Louisiana court. An action had been brought in that state by Ketchum against Gossip and D’Arcy, joint debtors, on a judgment recovered in New York in 1846. D’Arcy had not been served with process in New York, and he was a resident of Louisiana. A statute of New York was proven which provided that where joint debtors were sued, and one was brought into court on process, he should answer to the plaintiff, who might have judgment and execution, not only against the party brought into court, but also against other joint -debtors named in the original process, in the same manner as if they had all been brought into court by virtue of such process, but it should not be lawful to issue or execute any such execution against the body, or against the sole prop-. erty, of any person not brought into court. The effect of that statute was declared by the court to be that in New York the judgment was valid and binding on an absent defendant, as prima facie evidence of the debt, but reserving to him the right to enter into the merits, when sued on it, and show that he ought not to have been charged, but that the New York judgment had no force or vigor beyond the local jurisdiction. An express limitation was put upon "it, and it was held that such a j udgment was not entitled to any faith or credit, as affecting D’Arcy, outside of the state in which it was rendered. And in Goldey v. Morning News, 156 U. S. 518, in commenting upon D’Arcy v. Ketchum, and also upon Hall v. Lanning, 91 U. S. 160, the supreme court observed:
“If a judgment is rendered in one state against two partners jointly, after serving notice upon one of them only, under a statute of the stateproviding that such service shall be sufficient to authorize a judgment against both, yet the judgment is° of no force or effect in a court of another state, or in a court of the United States, against the partner who was not served with process.”
This is referred to by counsel for plaintiff as a mere dictum, but, considering its relation to the real question involved in that case, it is to be regarded rather as a formulation of a rule of law made by the court, and extracted from its own decision in the two cases cited as authority to support it. If the judgments of the courts of New York are thus limited, the same limitation is imposed upon similar judgments of the state of New Jersey, and the latter are not enforceable against defendants situated as Wight is in this ease. The utmost that can be claimed for the New Jersey judgments, as against* Wight, is that there are, as to copartnership property in New Jersey, if not strictly, yet quasi, judgments in rem, affecting only property levied on by execution in that state. They may serve to protect a purchaser at an execution sale who removes the property purchased into another jur *591 isdiotion, but are not available in this state as the basis of an action, against Wight,
The court below was right in refusing to find as requested by the plaintiff, and the judgment dismissing the complaint must be affirmed, with costs.
All concur.