# PARKER *v.* McLAIN, EXECUTRIX OF McLAIN.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 220.   Submitted April 14, 1915.—Decided May 10, 1915.

In order to give this court jurisdiction to review the judgment of a
state court under § 237, Judicial Code, the assertion of a Federal
right must not be frivolous or wholly without foundation; otherwise
an utterly baseless Federal right might be made the basis for invoking
the jurisdiction of this court merely for purposes of delay.

Whether a consent by a defendant to a revivor amounts to an estoppel
against challenging the capacity of the substituted plaintiff to con-
tinue the action is purely a question of local law or practice and the
decision of the state court is controlling.

Nothing in the full faith and credit clause of the Federal Constitution
or in the statute enacted thereunder requires the authenticated
proof of a decree to include all the pleadings and proceedings.

Where the original decree entered in one State and sued on in another
does not purport to lay a reciprocal duty on the judgment creditor,
but simply recites that on performance the judgment debtor be-
comes entitled to papers in the registry of the court, full faith and
credit is not denied because the judgment entered on the decree in
the latter State does not impose an actual reciprocal duty on the
judgment creditor.

In this case the Federal questions raised being so plainly devoid of
merit as to be frivolous the writ of error is dismissed.

Writ of error to review 88 Kansas, 717 and 873, dismissed.

THE facts, which involve the application of the full faith
and credit clause of the Federal Constitution and the
jurisdiction of this court under § 237, Judicial Code, are
stated in the opinion.

*Mr. Edward P. Garnett* and *Mr. Isaac O. Pickering* for
plaintiff in error.

*Mr. W. R. Thurmond* for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

In a suit in the Circuit Court of Jackson County, Missouri, wherein the court had jurisdiction of the parties and the subject-matter, Carey McLain secured a decree against M. V. B. Parker for a considerable sum of money. The suit was brought and the decree rendered upon the theory that Parker had fraudulently induced McLain to join him in the purchase of certain property; that by falsely overstating the value of the property, the price at which it was being purchased and the amount he was contributing to the price, Parker had secured from McLain several sums as the latter's share of the purchase money when in truth these sums greatly exceeded his share, and that in consequence McLain was entitled to surrender his interest in the property to Parker and call upon him to refund what was paid to him. Before beginning the suit McLain executed and tendered to Parker appropriate deeds for the property, and when the suit was begun the deeds were brought into court and lodged with the clerk to be disposed of by the decree when rendered. Following a recital of these matters and a finding that McLain had been damaged to the extent of his payments to Parker, the decree ordered that the former have and recover from the latter the amounts paid—each being definitely -stated—with interest at six per cent. per annum from the date of the decree, and directed that upon the satisfaction of the decree the deeds lodged with the clerk be delivered by him to Parker. The latter carried the case to the Supreme Court of Missouri, which affirmed the decree and in doing so pointed out the nature of the suit in these words, 229 Missouri, 68, 87, 93: "Plaintiff whilst charging fraud and deceit in the petition, and having the right to sue for damages without rescinding the contract, has taken the precaution in this, as in other counts, to

make a tender of such instruments as would place the defendant *in statu quo.* . . . The gist of these several counts is fraud and deceit, and money paid out to defendant in consequence thereof, and the prayer of the petition is to recover the money so obtained, with interest thereon. The judgment responds to the petition, its prayer and the proof."

After securing that decree McLain brought an action thereon in the District Court of Johnson County, Kansas, and during the pendency of the action died leaving a will. The will was duly probated in Kansas, the State of his residence, and letters testamentary were issued in that State whereby his widow became his executrix. An ancillary administrator was also appointed by the Probate Court of Jackson County, Missouri. Thereafter the action in Kansas was revived in the name of the executrix, with the defendant's express consent, and in regular course a trial was had at which all questions of fact and law were resolved in the plaintiff's favor, save that it was held that the real party in interest was not the executrix but the Missouri administrator and that the action ought not to have been revived in the name of the executrix. Judgment was rendered for the defendant and upon appeal to the Supreme Court of Kansas was reversed with a direction to enter judgment for the plaintiff. 88 Kansas, 717, 873. The present writ of error was then sued out by the defendant.

Our jurisdiction to review the judgment of the highest court of a State turns upon whether a Federal right was specially set up or claimed in that court and denied by its decision. Judicial Code, § 237. And to be effective for this purpose the assertion of a Federal right must not be frivolous or wholly without foundation. It must at least have fair color of support, for otherwise an utterly baseless Federal right might be set up or claimed in almost any case, and the jurisdiction of this court invoked merely

for purposes of delay. *Hamblin* v. *Western Land Co.,* 147 U. S. 531; *Wilson* v. *North Carolina,* 169 U. S. 586, 595; *New Orleans Water Works Co.* v. *Louisiana,* 185 U. S. 336, 344; *Sawyer* v. *Piper,* 189 U. S. 154, 156.

The contentions advanced by the defendant in the Supreme Court of Kansas upon which the jurisdiction of this court is sought to be rested are (a) that under the law of Missouri where the decree sued on was rendered the administrator appointed in that State was the real party in interest and therefore the executrix was without legal capacity to maintain the action; (b) that the decree was not proved conformably to the law of Congress (Rev. Stat., § 905), because, as was objected when the proof was offered, the authenticated record produced in evidence did not contain all the pleadings and proceedings in the suit but only the decree with its recitals and findings; and (c) that by the terms of the decree the payment of the money by the defendant and the execution and delivery of the deeds by McLain were intended to be reciprocal, interdependent and concurrent acts and that to make the decree the basis of a judgment in Kansas against the defendant for the payment of the money without requiring performance of the reciprocal obligation imposed upon McLain would contravene the full faith and credit clause of the Federal Constitution (Art. IV, § 1) and the law enacted thereunder by Congress (Rev. Stat., § 905), and would deprive the defendant of the due process of law and the equal protection of the laws secured by the Fourteenth Amendment.

The first contention was overruled because, as was said in the opinion, "the defendant explicitly consented to the revivor in the name of the executrix and in view of that fact cannot be heard to question her capacity to maintain the action." Whether by consenting to the revivor and thus recognizing the executrix as the real party in interest (see Gen. Stat. Kan. 1909, § 6023) the defendant

was estopped from subsequently challenging her capacity
to maintain the action was purely a question of local law
or practice, and its decision by the Supreme Court of the
State is controlling.

The next contention was wholly without any support
and was so held by the Supreme Court of the State.
There is nothing in the full faith and credit clause of the
Constitution or in the statute enacted thereunder which
requires that the authenticated proof of a decree shall
include all the pleadings and proceedings in the suit, or
which attempts to specify what parts of the proceedings
in a state court shall be included in making up the record
in an adjudicated cause. While there may be instances
in which a decree or judgment could not well be under-
stood, or would not clearly show what was determined,
unless read in connection with the pleadings or other pro-
ceedings, this was not such an instance. The recitals and
findings were so full and explicit and the terms of the
decree so direct that nothing more was required to dis-
close its full purpose or what was determined by it.

The remaining contention was equally without color,
because it rested upon an obviously false assumption.
The decree did not purport to lay any reciprocal duty or
obligation upon McLain but, on the contrary, proceeded
upon the theory that he had done all that could be re-
quired of him. This was recognized by the Supreme Court
of Kansas, which said in its opinion (pp. 720, 721): "He
was given an absolute and unconditional judgment for
the recovery of a specific sum of money. . . . Its
enforcement was not made to depend upon any act to be
subsequently performed. When it was paid or satisfied
the defendant was entitled to receive the deeds from the
clerk." And again, p. 874, "If collection is made here it
must be presumed that the defendant, upon showing that
fact to the Missouri court, can obtain his deeds, just as
he might do if the judgment had been satisfied in any

other manner, and just as he might procure a discharge of any judgment against him, the amount of which had been collected by suit thereon in another State."

What has been said sufficiently discloses that the Federal questions raised in the case were so plainly devoid of merit as to afford no basis for a review in this court.

*Writ of error dismissed.*