## EAST DENVER MUNICIPAL IRR. DIST. v. DOHERTY et al.

## NILE IRR. DIST. v. SAME.

(District Court, S. D. New York. August 30, 1923.)

No. 889.

1. **Partnership ☞204—In action against partnership, appearance of firm sub-jects persons of partners to jurisdiction as respects firm property.**

In an action under Code Civ. Proc. Colo. § 14, which authorizes a suit against a partnership in the firm name, but provides that the judgment shall bind only the firm property and the separate property of the part-ner served, appearance and contest of the case by the firm as an entity subjects the persons of the partners to the jurisdiction of the court for the purpose of litigating their liability in respect to firm assets, and the judgment is to that extent in personam, and will support an action against the individual partners in another jurisdiction to reach and sub-ject firm property.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Waters and water courses ☞227—Director of Colorado irrigation district retains office until election of successor.**

Under Const. Colo. art. 12, § 1, a director of an irrigation district is a public official, and may continue to act until his successor is duly qualified.

**3. Judgment ☞929—Held good as cause of action.**

A judgment for unconditional payment of money will support an action in another jurisdiction, though it contains conditions to be performed by the plaintiff on payment, where such performance is tendered.

**4. Judgment ☞929—Good as cause of action, though it contains conditions to be performed by plaintiff on receiving payment.**

That a judgment for payment of money also provides for the execution of a deed by plaintiff on receipt of payment does not render it conditional, and is not a valid objection to maintenance of an action thereon in another jurisdiction.

At Law. Actions by the East Denver Municipal Irrigation District and by the Nile Irrigation District against Henry L. Doherty and others. On motions by plaintiffs to strike out answers and separate defenses, and for summary judgments. Granted.

Rounds, Schurman & Dwight, of New York City (Arthur C. Rounds, of New York City, and I. B. Melville, of Denver, Colo., of counsel), for plaintiffs.

Frueauff, Robinson & Sloan, of New York City (Lindley M. Garrison, of New York City, Platt Rogers, of Denver, Colo., and Joseph A. Burdeau, of New York City, of counsel), for defendant Doherty.

Shearman & Sterling, of New York City (Chauncey B. Garver, of New York City, of counsel), for defendant Brown.

AUGUSTUS N. HAND, District Judge. Motions have been made by the plaintiff in each of the foregoing actions to strike out the answers and the separate defenses, and for summary judgments for sums of money. The plaintiffs are public corporations. Actions were prosecuted in the Supreme Court of Colorado by taxpaying landowners under section 14 of the Code of Civil Procedure of that state, which reads as follows:

"Sec. 14. *Action against Associates under Common Name.* When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; but the judgment in such cases shall bind only the joint property of the associates and the separate property of the party served."

Personal service in the case of the East Denver municipal irrigation district brought in the state court of Colorado was made by delivery to Frank W. Frueauff of a copy of the summons and complaint, and in the case of the Nile Irrigation District, brought in said court, by delivering a copy of the summons and complaint to Charles T. Brown. These Colorado actions were each brought against Henry L. Doherty & Co., a copartnership composed of Henry L. Doherty, Frank W. Frueauff, and Charles T. Brown, and none of the defendants herein was named as a defendant. Judgments were recovered in the Colorado court against Henry L. Doherty & Co., and were directed to be satis-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fied out of the property of the copartnership, and in the first case to be satisfied also out of the individual property of Frank W. Frueauff, and in the second case to be satisfied also out of the individual property of Charles T. Brown.

The firm of Henry L. Doherty & Co. appeared in the Colorado court and contested each case, but there was no individual appearance by any of the partners. Because no action can be brought under the New York practice against the firm as an entity, the plaintiffs have sought to reach the firm property in New York by bringing actions upon the Colorado judgments against the partners for the purpose of recovering judgments here which may be satisfied out of the firm property. It is argued that this can be done under general rules of practice, and in any event under section 1, article 4, of the Constitution of the United States, requiring that:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state."

[1] Various objections have been made to the causes of action set up by the plaintiffs, but the chief, as well as the most difficult, question raised is whether the Colorado judgments can be regarded as in any sense rendered in personam against the defendants herein. If they were not so rendered, there can be no recovery. Personal service or appearance was necessary to give personal jurisdiction. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. In D'Arcy v. Ketchum, 11 How. 165, 13 L. Ed. 648, the Supreme Court held that a judgment rendered under the Joint Debtor Act of the state of New York, against a partner who had not been served and who had not appeared, furnished no basis for an action in another jurisdiction against him.

But the situation here is different. There was an appearance by the firm in each of the Colorado cases, the authority to enter it is not disputed, and the question is whether such appearance in the name of the firm in actions brought against the firm was equivalent to an appearance by the partners who were not named as parties, and amounted to a submission by them to the jurisdiction of the Colorado court. It is not contended that the judgment after such an appearance established a personal liability against the defendants named in the present actions, which could be sued upon and satisfied out of their separate property in this jurisdiction. The Colorado court, in the litigations in which the judgments were entered, held that judgments rendered after a defense made in the name of a partnership did not differ in effect from judgments entered on default. If this is so, why is not the doctrine of D'Arcy v. Ketchum applicable? It is said that the case of Hilton v. Guyot, 159 U. S. 113, 16 Sup. Ct. 139, 40 L. Ed. 95, justifies a recovery against the partners to the extent of the partnership property, and that a judgment may be satisfied out of the firm assets, as one against executors as such might be paid out of estate property.

The difficulty with this position is thought by the defendants to be that, if the appearance by the firm was not sufficient to amount to an appearance by the partners for all purposes, and furnished no basis for a liability of the partners enforceable by execution against their sepa-

rate property, it was a personal appearance for no purpose whatever. The firm property is said to have been as much their property as any other, and such a subdivision of rights and liabilities as is suggested has never been clearly held to follow from an appearance by a firm as an entity in any decision to which my attention has been called. Moreover, the Colorado court held in the Nile Irrigation Case that "the court is without jurisdiction over the person of Henry L. Doherty and Frank W. Frueauff, * * * neither of them having appeared therein, either in person or by attorney." The individual partners have in no respect consented to be bound personally by the procedure allowed in the Colorado courts (Flexner v. Farson, 248 U. S. 292, 39 Sup. Ct. 97, 63 L. Ed. 250), and have not individually appeared therein in any way, unless the appearance by the firm constituted their appearance for certain purposes.

In Hilton v. Guyot, supra, the appearance in the French courts was by A. T. Stewart & Co., and the action was brought in those courts against the firm eo nomine. It is true that the justices of the Supreme Court agreed that this appearance was a submission by the partners to the jurisdiction, which enabled the creditor to bring suit in the United States court against the partners on the judgment rendered against the firm. The only question of jurisdiction discussed, however, was whether the appearance subjected either the firm or the partners to the jurisdiction of the French courts, where the object of appearing was to protect assets in France. It was never suggested that the appearance by the firm was not an appearance by the parties for all purposes, and the French court had not held, as the Colorado court has here, that the judgment rendered after such appearance amounted to no more than a judgment by default, and was not, if valid for any purpose, enforceable against the separate property of the partners.

In spite of all that has been said in the able and ingenious argument of defendants' counsel, there was an appearance on behalf of the firm of Henry L. Doherty & Co. in an "action against associates." Did this appearence really go for nothing, and does it follow that, because the Colorado courts have held that they did not adjudicate any separate liability of the partners, there was no adjudication in personam? If those courts had not construed their statute as limiting the judgments after an appearance in a cause of action brought in the form adopted to an adjudication against the firm, the doctrine laid down by the Supreme Court in Hilton v. Gryot, supra, would have applied and the appearance though in form made by the firm would, if authorized, have been held as in Hilton v. Guyot to have been an appearance by the partners. See Anglo-American, etc., Co. v. Turner Casing Co., 34 Kan. 340, 8 Pac. 403. It is true that the Colorado courts in other decisions have held that in an action brought in such a form a personal judgment could not be rendered against the partner served (see Craig v. Smith, 10 Colo. 220, 15 Pac. 337; Dessauer v. Koppin, 3 Colo. App. 115, 32 Pac. 182); but that ruling strictly related only to the question of an adjudication of a general liability on the part of the individual partner payable out of the separate property. The decision of the lower court, in the cases under consideration here, that the judgments

rendered in that jurisdiction did not differ in effect from judgments entered on default, was in answer to the claim that the appearance of the firm amounted to an appearance by the individual partners for all purposes, and ought not to be treated as amounting to a decision that the individual partners were not personally brought into court for any purpose.

The case of Hoffman v. Wight, 1 App. Div. 514, 37 N. Y. Supp. 262, held that a foreign judgment against a firm, in which only one partner was served, formed no basis for a recovery of a judgment enforceable against joint property, where the partner who had not been served had also not appeared. There is language in this case, as well as in the cases of Hall v. Lanning, 91 U. S. 160. 23 L. Ed. 271, and Sugg v. Thornton, 132 U. S. 530, 10 Sup. Ct. 163, 33 L. Ed. 447, indicating that actions under a joint debtor statute, where one of the joint debtors defaults, are to be treated as actions quasi in rem, affecting only property within the jurisdiction; but here we have an appearance, and it either meant nothing, in spite of the protracted litigation carried on in trial and appellate courts on behalf of the firm, or it involved what an appearance generally involves—the subjection of some personalty to the jurisdiction of the court in which it was entered.

In spite of the fact that I have been referred to no case which has held that an appearance by a firm in an action allowed by statute against it may be regarded as a subjection of the persons of the parties to the jurisdiction of the court for the purpose of litigating their liability in respect to firm assets, the practice of allowing actions to be brought against a firm as an entity, and of allowing appearance and litigation by the firm as such entity in such actions, is so meaningless, if it is not to be regarded as subjecting the persons of the partners to the jurisdiction of the court for some purpose, that it seems impossible to reach the result contended for by defendants' counsel. While, therefore, the doctrine adopted by all the judges in Hilton v. Guyot, supra, may be distinguished from the case at bar, the distinction involves the assumption that the appearances in the Colorado courts were not appearances having any of the usual incidents. It also involves, in my opinion, a result quite contrary to any sound public policy.

I find in the record no reason to suppose that the firm of Henry L. Doherty & Co. was not authorized to appear and defend. To allow it to appear and defend, and then to deprive the plaintiffs, after years of litigation, of the results of decisions in their favor, and to compel them to begin all over in some other jurisdiction, is hardly a tolerable doctrine. Upon the facts disclosed by the record, the plaintiffs would seem to be entitled to judgments against the defendants to be enforced only against firm assets. In general, the facts are undisputed, and the contentions of the parties are based upon differences as to the law applicable.

As for the defense that the judgments in the Colorado courts do not follow the pleading, the record indicates that such is not the fact. Allegations of conspiracy were unnecessary to obtain a recovery upon the facts set forth and may be treated as surplusage. It was alleged that the irrigation systems contracted for were not completed, that the con-

tracts were not performed, and that the modified contracts under which work was done were ultra vires, and various other irregularities were alleged. Howland v. Corn, 232 Fed. 35, 146 C. C. A. 227; Ambrosius v. Ambrosius, 239 Fed. 473, 152 C. C. A. 351; Lockhart v. Leeds, 195 U. S. 427, 25 Sup. Ct. 76, 49 L. Ed. 263. There was a prayer for general relief, as well as a prayer for the relief granted, and the facts pleaded and proved showed nonperformance, and justified relief upon that theory. The mere fact that the Supreme Court of Colorado may have reached certain erroneous legal conclusions, as two of its justices held to be the case in a vigorous dissenting opinion in the Nile Irrigation Case, reported at 71 Colo. 30, 204 Pac. 85, does not show lack of due process of law.

[2] The separate defense interposed in the Nile Irrigation District Case, that the bringing of the action was not athorized by the district, in that no election of directors had been held since the year 1916, and that none of the directors had paid taxes upon lands in the district as required by the laws and statutes of the state of Colorado, is quite untenable. Article 12, section 1, of the Constitution of the state of Colorado, provides that each such director shall continue to act until his successor is duly qualified, and that the directors were public officials. See Fallbrook Irrigation District v. Bradley, 164 U. S. at page 174, 17 Sup. Ct. 56, 41 L. Ed. 369.

[3] The separate defense based upon the contention that the Colorado judgments cannot be enforced in New York, because they contain, not only provisions for the payment of money, but reciprocal and dependent clauses, incapable of enforcement by any court other than the Colorado court, requires somewhat detailed consideration. In the East Denver Case, it is provided that, upon payment of the money judgment rendered against the firm, the clerk of the court should execute a deed conveying the rights and interests of the district to the irrigation system. Not only has there been no payment, but a deed was executed and attached to the judgment roll.

In the East Denver Case, the district was likewise given by the judgment a lien upon any right, title, or interest which Henry L. Doherty & Co. might have until judgment was paid, and there was a provision requiring a certificate of the satisfaction of judgment obtained against the district in certain condemnation proceedings to be filed with the clerk of the Colorado court. The payment of the money judgment by Henry L. Doherty & Co. is not conditional in form or in substance upon the filing of a certificate of the satisfaction of a judgment in their condemnation proceedings, and the release of any lien given by the judgment in the East Denver Case upon the interest of Henry L. Doherty & Co. in the irrigation system would certainly be covered by the deed accompanying the judgment roll, conveying the rights and interests of the District to that system. The defense in the East Denver Case, that the judgment cannot be enforced because it contains reciprocal and dependent clauses, is not available upon the facts appearing of record. Parker v. McLain, Executrix, 237 U. S. 469, 35 Sup. Ct. 632, 59 L. Ed. 1051.

[4] In respect to the Nile Irrigation Case, there is stated in the brief of counsel for plaintiff to have been a deed similar to that pro-

vided for in the East Denver Case executed by the directors of the Nile irrigation district and attached to the judgment roll in the case. I do not find such a paper in Exhibit A of the Colorado record in the Nile Case. If it were there, I would have no doubt that the objection that the judgment in the Nile Case was conditional, because dependent upon the execution of a deed by the irrigation district to Henry L. Doherty & Co. is answered by the opinion of the Supreme Court in Parker v. McLain, Executrix, supra. It appeared in that case that a judgment had been recovered in Missouri. The Missouri court granted a money judgment against the defendant, but required the plaintiff to execute and deposit with the clerk a deed to the property involved, naming the defendant as the grantee. While the money judgment was unconditional, the decree included a provision that upon the satisfaction of the judgment the deed should be delivered. An action was brought upon this judgment in Kansas, which finally reached the Supreme Court of the United States upon a writ of error to the Kansas court, based upon the contention, among others:

"That by the terms of the decree the payment of the money by the defendant and the execution and delivery of the deeds by McLain were intended to be reciprocal, interdependent, and concurrent acts, and that to make the decree the basis of a judgment in Kansas against the defendant for the payment of the money, without requiring performance of the reciprocal obligation imposed upon McLain, would contravene the full faith and credit clause of the federal Constitution. *  *  *"

Mr. Justice Van Devanter, writing for the Supreme Court in Parker v. McLain, held that there was no basis for a review of the Supreme Court of Kansas, and that the writ of error should be dismissed. He likewise said in his opinion (237 U. S. at page 473, 35 Sup. Ct. at page 634, 59 L. Ed. 1051) that, if collection was made under the judgment of the Kansas court, upon showing that fact to the Missouri court, it must be presumed that the defendant could obtain his deeds, "just as he might do if the judgment had been satisfied in any other manner, and just as he might procure a discharge of any judgment against him, the amount of which had been collected by suit thereon in another state."

The provision in the judgment in the Nile Case that Henry L. Doherty & Co. should be entitled to certain credits to be computed and allowed by the clerk of the court, granted the firm a privilege, within 60 days from the date of the judgment of April 8, 1922, of obtaining these credits by making payments of the judgment within that time, or by bringing into court the bonds and coupons ordered to be returned by such judgment. That judgment upon its face contained a stay for the period of 60 days, and this period expired before the present action. The complaint herein alleges that the judgment has not been paid, and if it had in any way been satisfied such satisfaction was a matter of affirmative defense.

I have been somewhat puzzled by the allegation in the judgment in the Nile Case to the effect that the court finds that "in equity and good conscience the defendants or defendant herein, who paid the amount of" a certain judgment for the sum of $144,337.31, "should have credit for the amount there paid on the judgment herein, when

and if the same is paid, without further litigation and unnecessary delay." The Colorado court, after this finding, apparently makes no provision for this credit, unless the whole judgment is paid, or all the bonds are brought in and surrendered within 60 days. While the questions whether the judgment for $144,337.31 was res adjudicata and a bar to the present Nile action, or was to the extent of the amount paid thereunder allowable in reduction of the claim of the plaintiff against Henry L. Doherty & Co., were matters for the Colorado court to decide, and its decisions, if erroneous, in regard to this, cannot be reviewed here, yet how that court could determine that the foregoing amount should be allowed to the defendant only in case it paid the judgment promptly is hard for me to understand, with the record that I have available. At least the cash balance decreed to be paid in the Nile Case, after deduction of the $144,337.31 ought to be recoverable here, unless the failure to deliver into the Colorado court a deed of the irrigation works to the defendant Henry L. Doherty & Co. should prevent it. I assume, from the statement in plaintiffs' reply brief (which has not been contradicted by defendants), that such a deed has been filed in the Colorado court, and that the Colorado judgment in that respect has been complied with. If this is a fact (and the record in that respect should be made clear), there is nothing to prevent the entry of a judgment in this court, to be satisfied, however, only out of the firm assets of Henry L. Doherty & Co.

Both motions in the East Denver Municipal Irrigation District Case are granted. In the Nile Case, both motions are granted, in case the record is cleared up as to the deed from the district to Doherty. If, however, the provisions of the Colorado court in respect to such deed have not been complied with, the motions in the Nile Irrigation Case should be granted only to the extent of striking out the portions of the answer other than the fourth separate defense of Henry L. Doherty, and the third separate defense of the defendant Charles T. Brown. If the proof be perfected, and a money judgment be entered in the Nile Case, the question of the credit of the sum of $144,337.31 may be considered upon settlement of the orders herein, which must be upon notice.

It, of course, follows from the foregoing that any judgments entered must be satisfied only out of the assets of the firm, which was sued in the Colorado cases, and not out of other property of the defendants, or any of them.