[No. 8647.]

## PAYNE v. WILLIAMS.

1. PLEADINGS—*General Denial—Effect.* Action to recover moneys alleged to have been paid by plaintiff for the use of defendant, upon her promise of re-imbursement. Under the general denial defendant may show that the advance was made as a gift, without any promise or expectation of repayment. (90.)

2. EVIDENCE—*Burden of Proof.* In the same case, *held,* that the burden was upon plaintiff to prove the character of the undertaking upon which he relied. The rule that one alleging a gift must establish all facts essential to the validity of a gift, held inapplicable. (90, 91.)

*Error to Denver District Court.* Hon. JOHN W. SHEAFOR, Judge.

Messrs. ZIMMERHACKEL & AVERY, for plaintiff in error.

Mr. FRAZER ARNOLD, and Mr. JOHN A. EWING, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court.

This is an action for debt upon an alleged verbal contract for moneys advanced by the plaintiff in error, plaintiff below, to defendant in error, defendant below, used in partial payment for a residence property in the city of Denver, now owned by defendant.

The substance of the complaint is that the plaintiff on the 21st day of June, 1910, entered into a contract to purchase from the owner, the premises involved, for the sum of $3,350.00, in payments as follows: $600.00 upon the execution of the contract; $500.00 on or before September 21st, 1910; $750.00 on or before July 21st, 1911, and the remainder to be paid by the assumption of a mortgage in the sum of $1,500.00. That the plaintiff paid the sum of $600.00 at the time of the execution of the contract, and the sum of $500.00 on the 21st day of September, 1910, as agreed. That thereafter and on the 9th day of November, 1910, the plaintiff and defendant entered into a contract whereby the plaintiff agreed to and did transfer his interests in said premises, to the defendant, and whereby the defendant agreed, in consideration thereof, to pay the plaintiff a sum equal to the amount theretofore paid by him on account of said purchase price, and further agreed to pay the remainder of the purchase price of said premises as provided in his said original contract with the owner, and that the defendant further agreed that in the event that she should fail to so pay such balance, and the plaintiff there-

by be compelled to pay the same, the defendant would repay to the plaintiff the sums which the plaintiff should so pay; and that defendant further agreed to repay to the plaintiff any sums which he might be compelled to pay as interest on the $1,500.00 mortgage debt.

That on May 5th, 1911, at the request of the defendant, and in order to prevent a forfeiture of the original contract, the plaintiff paid $450.00 on account of the purchase price of said property, and on the same day paid $45.00 as interest on the $1,500.00 due under the mortgage. That on August 5th, 1911, the said property, pursuant to the said contract of purchase, and the payments made thereunder, was conveyed to the defendant, who ever since has been and is now the owner thereof. That the defendant has not repaid to the plaintiff any of the sums so paid by him.

The prayer was for judgment for $1,659.70 and for a vendor's lien to secure the payment thereof.

The answer admits that the defendant is the owner of the property and pleads a general denial to every other allegation in the complaint. The cause was tried to court and jury and verdict and judgment rendered in favor of defendant.

The contention of the defendant was that the moneys advanced by the plaintiff, and all that he did in the premises, was as a gift to her, and that at no time was there any agreement upon her part or of any other person to repay to the plaintiff the sums of money so advanced, or any part of them.

The assignments of error are (1) that the court erred in permitting the plaintiff, under her general denial, to show that the payments made by the plaintiff were by way of gift; (2) that the court erred in refusing an instruction to the jury to the effect that the burden was upon the defendant to establish by a preponderance of

the evidence that the moneys advanced by the plaintiff was a gift.

The undisputed facts are in substance, that at the time of the contract between plaintiff and the owner, the plaintiff, and for a long time thereafter, was a roomer at the residence of the defendant and her husband. The family consisted of the defendant, her husband, a daughter of marriageable age and another child. The plaintiff was very friendly with defendant and her husband, had proposed marriage to the daughter. This proposal was not accepted, but plaintiff appears to have continued his suit for the hand of the daughter in marriage. The Williams family were poor, without a home of their own, the husband earning $60.00 per month, and the daughter working as a stenographer, employed by the plaintiff at the time of the contract by plaintiff to purchase. The plaintiff proposed the purchase of a dwelling for use of defendant and her family. He in company with defendant and her husband inspected two properties, and afterward the one involved, which seemed to be satisfactory to all. The defendant and her family moved into this property, and the plaintiff moved with them, still retaining a room.

Prior to August 25th, 1910, the plaintiff executed what is termed an informal agreement, by which he purported to transfer his interest in the contract to the daughter.

The plaintiff was unable to meet the final payment of $750.00, and thereafter, by the apparent consent of all parties, the old contract between plaintiff and the owner was cancelled, and an agreement between the owner of the premises and the defendant entered into, whereby the defendant agreed to pay the sum of $850.00 in monthly payments of $25.00. The additional $100.00 being in consideration of a waiver of forfeiture of the old agreement. The defendant made such payments for sev-

eral months, and on May 5th, 1911, the plaintiff paid the owner of the property the sum of $450.00 to be applied on the contract of defendant. This left a balance due of $100.00 which defendant finally paid on August 5th, 1911, and received a deed for the premises.

Under what appears very complete and proper instructions by the court the jury found the issues of fact to be with the defendant. The contention then is that while the evidence upon the part of the defendant was admissible in a case properly pleaded, yet it was error to admit it under a general denial.

The complaint alleged the advance of moneys by the plaintiff under a parol agreement by the defendant to repay. The advance of the moneys is admitted, but before recovery can be had, the plaintiff must establish a promise or agreement either express or implied to repay, which was denied.

To what extent may the defendant produce evidence in opposition to the testimony of the plaintiff to the effect that there was such agreement to repay, under the plea of general denial in this case. Counsel contends that the same rule applies here as in case of the plea of payment. We cannot agree to this for in such a case, the plea of payment admits the contract to pay, and pleads a performance.

Here the contract or promise itself is denied. May the defendant show by what she contends were the precise terms of the transaction, that there was no promise to repay. That is, will she be permitted to show that by the language, facts and conduct of the parties, that the money was advanced as a gift, a donation, and not with a promise or agreement, either express or implied to repay. The terms "to give" or "to donate" are the precise antithesis of the term "to loan," which latter implies a promise to repay or return. To establish that the money was a gift is to disprove that it was a loan.

It was the burden of the plaintiff to prove by a preponderance of the testimony, the alleged parol promise and agreement to repay, and it would seem to be the province of the jury to consider and weigh all the words, acts and conduct of the parties, in order to determine whether or not these constituted an agreement to repay. The general rule in this respect is stated in Bliss on Code Pleading, (3rd Ed.), 327, to be:

"Evidence of facts which admit the act charged but which avoid its force or effect, or which discharge the obligation, is inadmissible; but, on the other hand, facts may be proved, although apparently new matter, which, instead of confessing or avoiding, tend to disprove those alleged by the complaint. Such facts support the denial. The plaintiff's allegations cannot be true because of certain other facts which are inconsistent with them. * *. * Under a general denial the defendant may introduce any evidence that goes to controvert, without admitting them, the facts which the plaintiff is bound to establish in order to sustain his action."

See also *Sylvis v. Sylvis,* 11 Colo. 319, 17 Pac. 912.

Counsel contend that the burden of proof is on one claiming to be the donee of property to establish all facts essential to the validity of such gift. This must be conceded, but cases of this sort relate to title or an interest therein to specific property. But the rule to be applied to the present case is a very different one in principle.

The question here is not one of title or interest in property. It is simply a question of whether or not the plaintiff loaned or donated, certain sums of money to the defendant, and the plaintiff must sustain the issue he has raised.

A very similar case to the present was *Jenning v. Rhode,* 99 Minn. 335, 109 N. W. 597, in which the rule is very clearly stated, supported by authority. The court there said:

"The action was commenced to recover the sum of $200 and $1,235, respectively, alleged to have been loaned to respondents by appellant. The answer is a general denial. At the trial respondents admitted having received the money, but contended it was a gift. A verdict was returned for the respondents.  *  *  *

Appellants objected to the introduction of any evidence to prove a gift, on the ground that it was inadmissible under the pleadings. It is unnecessary to plead facts which directly contradict the allegations and proofs of the opposite party. There was no confession and avoidance in the defense that the money was paid as a gift and not as a loan. *Hanson v. D. I. M. Co.,* 87 Minn. 505, 92 N. W. 447; *Loftus-Hubbard Co. v. Smith-Alvord Co.,* 90 Minn. 418, 97 N. W. 125."

Under a general or specific denial of any part of the complaint which the plaintiff is required to prove to maintain his action, the defendant upon principle and authority, is at all times at liberty to prove anything tending to show the plaintiff's allegation is untrue. *Wheeler v. Billings,* 38 N. Y. 263; *Greenfield v. Massachusetts Mut. Life Ins. Co.,* 47 N. Y. 430; *Paris v. Strong,* 51 Ind. 339; *Morgan v. Wattles,* 69 Ind. 260; *McWilliams v. Bannister,* 40 Wis. 480; *Scott v. Morse,* 54 Ia. 732, 6 N. W. 68, and 7 N. W. 15; *Adams Express Co. v. Darnell,* 31 Ind. 20, 99 Am. Dec. 582.

What has been said disposes of both assignments of error.

The judgment is affirmed.          *Affirmed.*

White, J., and Garrigues, J., concur.