## No. 9196.

### CITY AND COUNTY OF DENVER *v.* BOWEN ET AL.

1. *Pleading—Facts and not Evidence Must be Alleged.* In an action upon a contract the complaint must allege such contract, and the execution thereof by defendant.

In an action against the city upon a contract granting certain concessions and privileges in parks held not necessary to allege the authority of the park commission.

2. *Evidence.* Where the execution of the contract is denied the proof must show all things requisite to the execution and validity of the contract relied upon.

3. *Contract—Construed.* A contract by the City of Denver granting the right to sell ice cream at certain divisions in the City Park provided that the city should furnish "the usual and customary music." Held to import, not a custom having the force of law, nor any local usage, but the usual and ordinary practice of the city at the places in question; that the city was under duty to furnish music of the quality and quantity and at the places where it had before that, customarily provided it.

The contract provided that the Park Commissioners "may make regulations concerning the management of the business and privileges under this agreement, and such orders and regulations shall be deemed part of this agreement. Held that this provision did not authorize an order by the Park Commission that the Band should on certain days play at other places than the City Park, where this had been customary.

4. *Damages—Difficulty of Ascertainment,* is no ground to deny damages actually sustained by the violation of a contract.

5. *Appeal and Error—Motion for a New Trial—Rule* 19 of 1914. Where the motion for a new trial raises no question as to the sufficiency of the complaint no such question will be considered in this court.

6. *Contracts—Prior Appropriations—Statute Construed.* A prior appropriation for the expenses of a contract under general statutes sec. 3328, Rev. Stat. sec. 6633, is not required to be alleged in a complaint upon the contract.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

*Department II.*

Mr. JAMES A. MARSH, Mr. THOMAS H. GIBSON and Mr. WILLIAM R. KENNEDY, for plaintiff in error.

Mr. HENRY MCALLISTER, JR., and Mr. GEORGE E. TRALLES, for defendants in error.

Opinion by Mr. Justice Denison.

THE defendants in error recovered a judgment against the City in a suit brought by them upon a contract, and the City, defendant below, brings the suit here on error. The complaint alleged that under date of April 29th, 1914, the City, through its Park Commission, entered into an agreement with the plaintiffs, in writing, whereby the City granted to the plaintiffs the right to sell ice cream, etc., at the two pavilions in the City Park from April 29, 1914, until February 28, 1916, and the exclusive right to boating privileges and to rent boats on the large lake in the City Park from June 1st, 1914, to February 28th, 1916; that for years prior to the contract the defendant regularly employed bands of musicians to give concerts in the City Park, and that they were regularly given in a band stand near the edge of the larger lake, close to the larger pavilion, and furnished customers for the privileges granted. That said contract contained the following:

"It is understood and agreed that the party of the first part will furnish the usual and customary music, both as to amount and quality."

That during the term of the grant, although plaintiffs paid to the city the full amount which the contract required, $13,000, the city furnished much less music than had been usual and customary; that in consequence the plaintiffs lost patronage. They claimed damages for loss of profits.

The record, as laid before this court, does not contain the evidence nor the bill of exceptions, if there was one, and the principal points argued by the plaintiff in error are that the complaint does not state facts sufficient to constitute a cause of action and that the court erred in giving and refusing certain instructions.

As to the sufficiency of the complaint no question was raised in the motion for a new trial; consequently, under Rule 8, we cannot consider that point. This rule is a wise one, intended to compel parties to litigate all points in the lower court first. The present case comes within its purpose and we are the more willing to enforce it herein because we believe that the complaint does state a cause of action. This court has reiterated again and again that ultimate facts and not evidence must be alleged.

*Cuenin v. Halbouer*, 32 Colo. 51, 53, 54, 74 Pac. 885; *Alden, Impl., etc., v. Carpenter*, 7 Colo. 87, 91-93, 1 Pac. 904; *Payne v. Williams*, 62 Colo. 86, 160 Pac. 196; *Sylvis v. Sylvis*, 11 Colo. 319, 17 Pac. 912; *Hallack, etc., L. Co. v. Blake*, 4 Colo. App. 486, 36 Pac. 554; *Mott v. Baxter*, 29 Colo. 420, 68 Pac. 220; *Saxonia, etc., v. Cook*, 7 Colo. 569, 4 Pac. 1111; *Cordilla v. Pueblo*, 34 Colo. 296, 82 Pac. 594; *Levy v. N. C. O. Ry.*, 81 Or. 673, 160 Pac. 808, L. R. A. 1917B, 564; *Pike v. Sutton*, 21 Colo. 84, 39 Pac. 1084.

The principal and perhaps the only way to determine what is *ultimate* fact is by precedent, and the way to allege a contract, as shown by all approved precedents, is to allege that the defendant made it. Upon trial, proof of all things requisite or precedent to its execution must be made.

*Gelpcke v. Dubuque*, 1 Wall 221, 17 L. Ed. 519; *Rochester v. Shaw*, 100 Ind. 268; *Levy v. N. C. O. Ry.*, 81 Ore. 673, L. R. A. 1917B, 564, 160 Pac. 808; *McDermott v. Grimm*, 4 Colo. App. 39, 43-44, 34 Pac. 909.

The principal case cited against this point is *Colorado Springs v. Coray*, 25 Colo. App. 460, 469. That merely holds that where a city can be held as liable only upon express contract the complaint must allege an express contract, and the compaint in this case does so. It follows that it was not necessary to allege the authority of the Park Commission nor other matters of evidence requisite to a valid contract.

What we here say in no way affects the rule that the fulfillment of conditions precedent expressed in the contract itself must be alleged.

We do not further notice the objections to the complaint. Instruction No. 3 was as follows:

"What was the usual and customary concert season, and what was the usual and customary number of concerts given each week, and whether any of the concerts given by the defendant were given in such places and under·such conditions as to defeat in whole or in part or substantially impair the effect which it was contemplated by the contract they should have upon the business of the plaintiffs— are questions of fact to be determined by the jury from the evidence."

The defendant objected and excepted to this instruction for the reason that it presupposes that "the contract contemplates the giving of concerts at some particular place and under particular conditions, and assumes that that was in contemplation of the parties and there is no evidence to support it.

The particular objection which is now urged is "that the jury were left without any instruction whatever as to "what would constitute a usage or custom," and under this instruction were left to determine both the essential elements of such a custom or usage and whether or not such a custom or usage existed in this case."

This argument is based upon the idea, which we think is a mistaken one, that the words "usual and customary" in the contract refer to usage or custom in the technical legal sense. It is manifest, in our judgment, that they do not, but that they refer to the ordinary and usual practice of the City in the City Park, not to any "custom" strictly so called, which has the force of law, nor to any local usage of the community which under proper conditions has the force of local law, nor even to such community habits, sometimes called usages, as are considered part of any contract made in the community.

*Scholtz v. N. W. Mutual Life Ins. Co.,* 100 Fed. 573, 40 C. C. A. 546.

By the clause in question the city merely said "we will furnish music as we have been doing heretofore," and the

court was right, we think, in holding that they could not give stone for bread by giving the same quantity and quality of music somewhere else. A contract, like a law, must be reasonably construed to fulfill its purpose.

In their reply brief counsel for plaintiff in error discuss the question of damages and claim that the loss of business by the plaintiff was too indefinite and uncertain to be a proper measure of damages. We do not think so. Loss of business is a very common element of damage in many kinds of cases, and the fact that such loss cannot be exactly determined is no reason why the wrong should go unredressed or the wrong-doer escape entirely at the expense of his victim.

The contract contained the following:

"It is further agreed between the parties hereto that the Park Commission may make orders, rules and regulations concerning the conduct and management of the privileges and business by the parties of the second part under this agreement, * * * and that all such orders, rules and regulations shall be considered and deemed as a part of this agreement."

The defendants offered to show that the Park Commission, after the execution of the contract, had entered an order requiring the band to play at other places than the City Park on certain days and not to play at the City Park, which was the cause of the alleged damage. They claimed that this order was a good defense, first by reason of the paragraph above quoted and also on the ground that it was beyond the powers of the Park Commission to make any contract by which they surrendered the regulation of the park or any part thereof. As to the first ground, the paragraph does not sustain the point; it refers only to regulation of the business of the plaintiffs and not to other orders and regulations of the park and does not include any regulation of the music. As to the second ground we think the principle invoked relates only to the governmental functions of the city and not to the management of its property. It is urged that the park is held by the city and

the commission in trust, and that its management is there-
fore within the city's governmental functions.   We do not
think the conclusion follows.   All the property of the city,
as well as the parks, is held in trust, yet it is usually held
that the city's acts with reference to such property are not
governmental.

Judgment affirmed.

Garrigues, C. J. and Scott, J., concur.

---

Upon petition for rehearing.

Denison, J.

We were wrong in our former opinion in applying Rule
8 of the Rules of 1917.   We should have applied Rule 19
of the Rules of 1914.   We think, however, the effect of
that rule is the same as the present Rule 8.

We still think the complaint states a cause of action.
The cases relied on to the contrary in this state are *Canal
Co. v. Denver,* 20 Colo. 84; *Colo. Springs v. Corey,* 25 Colo.
App. 460.

We considered these cases carefully in writing our for-
mer opinion.   In the Denver case it is true a demurrer
was sustained to a complaint because it did not show an
appropriation previous to the contract, but Mr. Justice
Elliott said, "It is not claimed that the non-existence of
such an appropriation should have been pleaded as a de-
fense;" so counsel and court considered the whole matter
as if the appropriation had not been made, which was no
doubt the fact.   What the decision would have been if it
had been claimed that the want of appropriation should
have been pleaded in defense we do not know, but the
court cites *People v. May,* 9 Colo. 80, in which the lack
of a condition prescribed by statute for a valid contract
was pleaded as a defense after demurrer to the complaint
had been overruled.

The case of *Frick v. Los Angeles,* 115 Calif. 512, was in
much the same condition.

The statement of the writer of the opinion in *Colorado
Springs v. Corey,* 25 Colo. App. 460, 470, "If it was incum-

bent on plaintiffs to prove prior appropriation, it follows
as a matter of course that it was necessary for them to
allege it," is wrong. The proposition is true of ultimate
facts only, and it was not necessary to that decision, be-
cause the law required an express contract, and that suit
was upon an implied, one.

In *Gelpcke v. Dubuque*, 1 Wallace, 221, the United States
Supreme Court held that precedent sanctions will be pre-
sumed and that the contrary must be pleaded· in defense.

But the city admitted in the answer that she "entered
into" the contract in question. This admits the ultimate
fact and cures the want of allegation in the complaint of
anything necessary to sanction or valiadate the contract,
if such were necessary. The fact that the copy of the con-
tract set forth in the answer does not show the signature
of the Mayor cannot overcome the admission of the ulti-
mate fact that the defendant "entered into" the contract.
If the city wished ·to make the defense that the Mayor did
not sign she should have denied that she entered into the
contract.

We did not overlook the point that the contract was
bad for uncertainty, but we did and do not consider it
well taken. We seldom mention in opinion all the points
made in argument.

The conduct of the city, shown by the record, is that
of which any honest private citizen would be ashamed.
She has taken the plaintiff's money, thirteen thousand dol-
lars, violated the plain terms of her contract in such a
way as to make the fulfillment of it on their part a loss
instead of a profit to them, and, retaining the $13,000,
defends their action for reparation on the ground that the
contract which she prepared, elaborately signed and pre-
sented to them as valid is not binding on her because she
herself neglected to do things that she ought to have done
to make it so. Counsel employed to defend this case are
not to be blamed for defending it in every way they legal-
ly can, but the conduct of the city can be morally justified
only on the supposition that the record does not show the

whole truth and can be explained only upon the theory that, in the great volume of the city's business, moral considerations are sometimes unavoidably lost sight of.

Rehearing denied.

Decided May 5, A. D. 1919. Rehearing denied October 6, A. D. 1919.