## No. 9342.

### DOHERTY & COMPANY, ET AL. *v.* YOUNGBLUT, ET AL.

Decided January 6, 1922. Rehearing denied February 6, 1922.

Action for the return of irrigation district bonds. Judgment for plaintiffs.

### *Affirmed.*

1.  ADJUDICATED CASES—*Irrigation Districts—Bonds.* See *Doherty & Co. v. Steele,* 71 Colo. 33.

2.  EVIDENCE—*Proofs in Possession of Opposing Party.* The fact that one declines to produce documents showing his relations to one alleged to be his agent, is strongly corroborative of any other evidence of agency.

3.  IRRIGATION DISTRICTS—*Bonds—Return.* Where one obtains the bonds of an irrigation district with infirmaties, and another secures them from him with knowledge of the defects, both are bound to return them, whether the relation of principal and agent exists between them or not.

4.    *Bonds Delivered as Partial Performance of Contract.* Where an irrigation district delivers its bonds in partial performance of a contract, which is never fulfilled by the contractor, and the work performed is worthless to the district without the completion of the whole, the consideration should be returned.

*Error to the District Court of Morgan County, Hon. H. P. Burke, Judge.*

Messrs. BARDWELL, HECOX, MCCOMB & STRONG, Mr. PLATT ROGERS, Mr. PERRY D. ROSE, MR. JOHN R. SMITH, Mr. HENRY MCALLISTER, JR., for plaintiffs in error.

Mr. WALTER S. COEN, Messrs. MELVILLE, MELVILLE & WALTON, Mr. HUBERT L. SHATTUCK, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE facts in this case are substantially the same as those in 9450, *Doherty, et al., v. Steele, et al.,* 71 Colo. 33, 204 Pac. 77, the only difference being in names and amounts. The decree was substantially like that in the latter case.

There are many points argued, most of which are the same as in *Doherty v. Steele,* and are covered in the opinion therein. We notice here a few of them:

That the plaintiff had no right to bring the action on behalf of the district. This is answered in the opinion in the Steele case. The district itself was a party below and appears here, and asks the relief asked by plaintiff.

It is said the court erred in finding that Doherty & Company were principals. One reason given by the court for so finding was that Doherty & Company had in their possession the written proof of their actual relations with Lucas and did not produce it. Much stress is laid on the proposition that the notices to them and Lucas to produce

the correspondence and papers concerning their relations were insufficient. No notice, however, is necessary to justify the inference of any fact against the party who has the proofs for or against it in his hands and does not show them. Such inference is one of fact and not of law, yet it is often weighty, and, if there is any other evidence of such fact at all, such conduct is strong corroboration.

It is said that the district could not have judgment against both Doherty & Company the principals, and Lucas, their agent. It must elect. Not so; if Lucas got the bonds with infirmities, whether in violation of the contract or otherwise, and Doherty & Company got them from him with knowledge of the defects, both he and they are equitably bound to return them. It is immaterial whether Lucas is their agent; the result is the same.

It is claimed that the plaintiff and other taxpayers of the district were lax in asserting their rights and permitted the contractor to go on after the time for completion had passed and after a legal modification of the contract had been executed; but this, if true, is immaterial. The real basis of the judgment is that the bonds, whether legally or illegally delivered, were conditionally delivered as a partial performance on the part of the district of a contract which has never been performed on the part of the contractors. It would be immaterial what theory the court followed, since the judgment is right; but the court went on the right theory, substantially the same as that of the court in the Steele case, that the contract was for a certain completed irrigation system, that it had not been completed or delivered; that which had been done was worthless without completion of the whole, the district was without fault and therefore the consideration should be returned. If the district, after the time for completion had passed, had stood by and allowed the contractors to complete the system according to the original contract a different question would have been presented.

Plaintiff in error complains that only thirty days were allowed to return the bonds before judgment was to be

entered for their value. The court, however, offered them a longer time but they did not accept.

The judgment is affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE BAILEY, dissent.

MR. JUSTICE BURKE and MR. JUSTICE WHITFORD, not participating.

MR. JUSTICE ALLEN, dissenting:

The views expressed in the dissenting opinion in the Steele case, 71 Colo. 33, 204 Pac. 77, apply with equal force in this case, the two cases being similar in all general features and having been argued and considered together.