No. 10,758.

CASCO MERCANTILE AND TRUST CO. *v.* CENTRAL SAVINGS
BANK AND TRUST CO., ET AL.

Decided June 2, 1924.

Action for conversion.   Judgment for defendants.

*Reversed.*

1.   PLEADING—*Conversion.*   In an action for conversion, all that is necessary under the code is to allege that defendant took certain goods of the plaintiff and converted them to his own use; or that he came into possession of certain goods of the plaintiff and converted them to his own use.

2.   CONVERSION—*Evidence.*   In an action for conversion, under the phrase "of the plaintiff," plaintiff may prove any general or special property that will support his right to immediate possession at the time of the conversion, and under a denial defend-

ant may give any competent evidence tending to controvert the general or special property in plaintiff.

3.   PLEADING—*Evidence—Issue.*   Denial of evidential details in a complaint raises no issue.

4.   CHATTEL MORTGAGE—*Property—Identification.*   A mortgage given on cattle which are counted and tallied out, although not branded as agreed, is good as between the parties and as to third persons unless they are innocent purchasers for value.

5.   CONVERSION—*Innocent Purchasers—Pleading.*   In an action for conversion by a mortgagee of cattle, defendants not pleading that they were innocent purchasers without notice, they were in no better position than the mortgagor would have been if the suit were against him.

6.   CHATTEL MORTGAGE—*Description.*   In an action for conversion by a mortgagee of cattle, where defendants knew when they took the cattle that they included cattle covered by the mortgage, they could not say that the description was insufficient.

7.   EVIDENCE—*Admissibility.*   In an action for conversion by a mortgagee of cattle, a second mortgage to defendants held inadmissible to prove a purchase by them without notice, no such issue being pleaded, and incompetent to controvert plaintiff's title.

8.   *Refusal of Inspection—Presumption.*   In an action for conversion where defendants refused permission to plaintiff to examine cattle in their possession, to see if his were among them, identity of the cattle involved in the action would be presumed.

*Error to the District Court of Prowers County, Hon. A. F. Hollenbeck, Judge.*

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, Mr. S. S. PACKARD, for plaintiff in error.

Messrs. GORDON & GORDON, Mr. SAMUEL E. MARSHALL, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiff in error was nonsuited in an action against the defendants in error for the conversion of certain cattle and brings the case here for review.

The complaint contained a much more detailed statement of the facts than was necessary, but it was good under *Littell v. Brayton Co.*, 70 Colo. 286, 201 Pac. 34. It follows from the decision in *Baker v. Cordwell,* 6 Colo. 199, that all that is necessary under the code is to allege that defendant took certain goods *of the plaintiff* (describing them) and converted them to his own use, which would be equivalent to trespass de bonis at common law; or that he came into possession of certain goods of the plaintiff (describing them) and converted them to his own use, which would be equivalent to trover at common law with the fictions eliminated. Under the phrase "of the plaintiff" the plaintiff may prove at the trial any kind of general or special property that will support his right of immediate possession of the goods at the time of the conversion, and under a denial that said goods were the goods of the plaintiff the defendant may give any competent evidence tending to controvert the general or special property in plaintiff. *Payne v. Williams,* 62 Colo. 86, 160 Pac. 196. The determination of such an issue will determine the case, but the determination of questions attempted to be raised by denials of the evidential details will not determine the case and they are therefore not issues. Code 1921, §§ 78, 188 and 190. This is all we need to say about the questions raised concerning the pleadings and the denials therein. We shall treat the case, as in the briefs, as if plaintiff had alleged ownership of the cattle described in the complaint and a taking and conversion by the defendants, and they had denied both, and these were the only issues. It follows from the above that the two questions to be tried by the jury were whether the plaintiff had property, special or general in the cattle described in the complaint, and whether the defendants took those cattle from its possession.

The plaintiff claimed by virtue of a chattel mortgage,

---

* This was replevin but the principle is the same in an action for conversion.

and the court below thought that the mortgage did not sufficiently describe the cattle; hence the nonsuit. It described the property as: "Two hundred forty-eight (248) head of cattle, more particularly described as follows, to-wit: * * *

41 calves, branded OH on left hip with tally brand + on left shoulder.

41 yearling steers and heifers, branded OH on left hip, with tally brand + on left shoulder.

41 two-year-old steers, branded OH on left hip, with tally brand + on left shoulder.

------

248

Ninety per cent of the above are white-face cattle."
* * *

The mortgagor was mentioned as a citizen and resident of Prowers county, and the cattle as in that county, and as held and to be kept on the Dodge ranch 18 miles south of Granada, Prowers county. There was a special agreement that they were there, and that if Dodge, the mortgagor, owned a larger number of cattle, the mortgagees might at any time select from the entire number cattle equal in number to those mentioned in the mortgage. The tally brand +, mentioned as being on these cattle, was not on them. Dodge agreed to put it on but that was never done. Dodge owned a considerable number of other cattle like those mortgaged.

The evidence shows that the cattle to be mortgaged were counted out and tallied and, as said above, Dodge was to mark them with the tally brand, but never did so. The mortgage thereupon delivered was, therefore, good against Dodge for the cattle so pointed out. It is therefore good against the defendants, unless they are innocent purchasers for value. *N. W. Bank v. Freeman,* 171 U. S. 620, 19 Sup. Ct. 36, 43 L. Ed. 307. The answer consisted of denials only. There was no plea that the defendants were innocent purchasers without notice. *Bassick Min. Co. v. Davis,* 11 Colo. 130, 17 Pac. 294. The defendants are

therefore in no better position than Dodge would be if the suit were against him. *Fowler v. Merrill,* 11 How. 375, 395, 13 L. Ed. 736. And, since they knew when they took the cattle which they did take, that they included the cattle covered by the mortgage, for that reason also they cannot say the description is insufficient. *Little v. Brayton Co., supra.*

The defendants claim, and cite much good law in support of their claim, that a mortgage, sale or gift of chattels to be selected, confers no title until selection, but in this case the cattle were once actually identified, which makes the mortgage good against Dodge with or without the provision permitting selection. In *Sigel-Campion Co. v. Holly,* 44 Colo. 580, 101 Pac. 68, a statement is made that a chattel mortgage on an unidentified part of a class of chattels is void, but that must be taken as meaning void as against innocent purchasers, because no other question was before the court. The defendants in that case had pleaded that they had no knowledge or notice of the chattel mortgage in question.

The defendants offered in evidence a mortgage from Dodge to them, which was rejected by the court. So far as it was intended to prove a purchase by them without notice, it was properly rejected, because they had not pleaded such a thing. Defendants claim that it should have been admitted as evidence tending to controvert the title of the plaintiffs, but we do not see how a second mortgage tends to show the invalidity of the first or to defeat the title thereunder.

As to the sufficiency of the proof of the identity of the cattle taken, there was enough direct testimony to go to the jury; but apart from that we think the identity must be presumed, because the defendants, after taking the cattle, refused to let plaintiff examine them to see whether his were among them. The situation is like one where a party has destroyed or refuses to produce a document. Its contents are presumed to be unfavorable to him. Wig. Ev., §§ 244-293; *Doherty v. Youngblut,* 71 Colo. 30, 204 Pac.

85. We see little, if any, difference between destroying evidence and preventing one's opponent from obtaining it. *Chicago City R. Co. v. McMahon,* 103 Ill. 485, 42 Am. Rep. 29; *Bailey v. Shaw,* 24 N. H. 297, 55 Am. Dec. 241; *Moriarty v. London, R., Co.,* L. R. 5 Q. B. 314. Whether such conduct creates a conclusive presumption of the identity of the cattle we cannot decide, because it is not before us, but that it is evidence of such identity sufficient to go to the jury there can be no doubt; unexplained, it is at least prima facie proof.

The judgment is reversed and new trial granted.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.