No. 10,916.

FIRST NATIONAL BANK OF TAOS, NEW MEXICO, *v.* BOOTH.

Decided December 1, 1924. Opinion adhered to April 6, 1925.

Action on promissory notes. Judgment for defendant.

*Reversed.*

1. PLEADING—*Conversion.* In a counterclaim for conversion of a note, it is necessary to allege ownership or other property, general or special, in the note.

2.    *Evidence.* The pleading of evidential matter is forbidden.

3.    *Conversion.* An allegation that plaintiff "converted the said note to his own use", properly alleges conversion.

4. CONVERSION—*Proof.* Where a bank received three notes for another and represented to him that it had received but two of them, while retaining the third under the claim that it was collateral to another note, this amounted to a conversion.

5. PLEADING—*General Denial—Proof.* Where the issue on counterclaim is on the property of defendant in a note in question, interest of plaintiff in the note need not be pleaded and can be proved under a general denial.

6. INSTRUCTIONS—*Contradictory.* An instruction that is self-contradictory, is erroneous.

7. BANKS AND BANKING—*Conversion—Evidence on Counterclaim.* On an issue of the conversion of a note, evidence that plaintiff held the note as collateral was relevant also on the question of damages as showing that plaintiff was not a mere wrongdoer.

8. EVIDENCE—*Pleadings.* Pleadings in another suit which are introduced in evidence, are not binding on one not a party of record in the former action.

9. CONVERSION—*Recovery.* While as against a mere wrongdoer a plaintiff may recover the value of chattels even though he has but a special property therein, yet against one with a right subject to that of plaintiff, he may recover only the loss he suffers.

10. EVIDENCE—*Rejection.* Rejection of record evidence in a suit against the maker of a collateral note in which pledge of the note in dispute was foreclosed, held erroneous.

11. CONVERSION—*Proof—Burden.* Defendant alleging the conversion of a collateral note by plaintiff, had the burden of showing that the amount still due him from the maker of the note alleged to have been converted equalled the collateral in dispute.

12. *Instructions.* In an action involving the alleged conversion of a promissory note, a requested instruction that claimant's recovery should be limited to his special interest, if any, in the note alleged to have been converted, should have been given.

13. INSTRUCTIONS—*Evidence.* A requested instruction that defendant was precluded from recovery by a former suit to which he was not a party, rightly refused.

14. BANKS AND BANKING—*Note—Conversion.* In suit on a note, in which defendant by counterclaim alleged conversion by plaintiff of a collateral note deposited with it as collateral, where payee of collateral note could not deny that plaintiff bank rightly held the note, he could not claim that defendant was under obligation to get it from plaintiff and return it to him.

*Error to the District Court of Alamosa County, Hon. Jesse C. Wiley, Judge.*

Mr. ALBERT L. MOSES, Mr. F. T. CHEETHAM, for plaintiff in error.

Mr. JOHN I. PALMER, Mr. JAMES P. VEERKAMP, Mr. T. LEE WITCHER, Mr. O. P. RAY, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE First National Bank of Taos brought suit against Booth on promissory notes to the amount of $4,500 or so and interest. He answered admitting the notes but, by way of counterclaim, alleged the conversion, by the bank, of a certain note of the Calvert Cattle Company to one S. P. Calvert, for $9,250, indorsed by the latter, which Booth claimed was so indorsed as collateral for a note of $10,000 from Calvert to him. The verdict was for defendant for $2,086, and on the judgment thereon plaintiff brings error.

The plaintiff claims that the counterclaim states no cause of action. This claim seems to be sound. There is no allegation of ownership of, or other property, general or special, in the note in question. This is necessary. *Baker v. Cordwell,* 6 Colo. 199. The defendant alleges a vast amount of evidential matter tending to show special property, but such allegations are forbidden by an elementary rule of pleading, a rule more often ignored than obeyed, but a rule. *Cuenin v. Halbouer,* 32 Colo. 51, 74 Pac. 885; *Mott v. Baxter,* 29 Colo. 418, 68 Pac. 220. This however, may be readily corrected by amendment.

The plaintiff also claims that no conversion is alleged. This claim is wrong. The allegation is that the plaintiff "converted the said note * * * to its own use," which is the proper way to allege conversion. The evidential matter alleged must be ignored in this connection, and might have been stricken out. Code '21 § 78.

The plaintiff claims that no conversion was proved. The facts are apparently complicated but when analyzed are clear. There is evidence which we must take as true that

the plaintiff bank loaned defendant $1,000 which with re-
newal and increments finally constituted the $4,500 sued
on; that the defendant gave the bank as collateral a $7,000
note, and also left with the bank a note for $10,000, both
of which said Calvert had given him, and that Calvert
agreed to give three certain notes for $9,250, each, as col-
lateral to secure them; that at the same time the bank
loaned Calvert $5,000, and he by letter directed the
Sagauche Bank to send the plaintiff three notes of the
Calvert Cattle Company for $9,250 each, payable to him,
one due in 1925, one in 1929 and one in 1930. The letter
said nothing as to the purpose of the direction. There is
evidence which we must take as true that of these three
notes two, including the note in dispute, were to be collat-
eral to the $10,000 and one to the $7,000 note; that the
cashier received them, represented to Booth that he had
received but two and kept the third, claiming it as collat-
eral to the $5,000 note. This amounted to a conversion.
It is the same as if A tells B he has not his automobile
while he keeps and uses it himself.

The instruction, No. 3, that the burden was on plaintiff
to prove that it held the note as collateral was wrong. The
issue was on the property of the defendant in the note, not
on that of the plaintiff. Evidence of the property of the
plaintiff in the note was relevant and material to this is-
sue only as it tended to show that defendant had no prop-
erty in it. It should not have been pleaded and could have
been proved under a general denial or a denial of defend-
ant's special property if that had been alleged in a travers-
able manner. *Cuenin v. Halbouer, supra; Mott v. Baxter,
supra; Sylvis v. Sylvis,* 11 Colo. 319, 330, 17 Pac. 912;
*Payne v. Williams,* 62 Colo. 86, 160 Pac. 196; *Denver v.
Bowen,* 67 Colo. 315, 184 Pac. 357. Moreover, this instruc-
tion is self-contradictory. It declares that the burden is
on defendant to prove the allegations that he makes with
regard to the use of the note and the amount due him by
a preponderance of the evidence, and that the burden was
on plaintiff to prove that it was the pledgee of the same

note. If the defendant had the burden of proving his right to the note, and the plaintiff the burden of proving its right to it, then each had the burden upon the same issue, which is impossible. This error was repeated in instruction No. 4.

It should be noted here that the evidence that plaintiff held the note as collateral was, as noted below, relevant also on the question of damages to show that the plaintiff was not a mere wrongdoer.

Instruction No. 6 was as follows: 'The plaintiff has offered in evidence a part of a certain pleading in a case in the court of New Mexico between the witness Calvert and parties other than the defendants in this case. This evidence is admitted for the sole purpose of affecting the credibility of the witness S. P. Calvert and you will consider it for no other purpose whatever."

The plaintiff claims that this instruction was wrong because the evidence was proper not only to discredit Calvert but to show that Calvert could not claim the note in question from Booth, nor require him to account for it, and that therefore its retention (or conversion) by the plaintiff bank was of no damage to him on that score. We do not think that this evidence was sufficient to show that Calvert could in no event claim the note of defendant or compel him to account for it. It is strong, though not irrefutable evidence to that end; but in a suit with defendant, Calvert would not be bound by it, because Booth was not a party to that record. 21 C. J. 1230; *Montezuma Valley Irr. Dist. v. Longenbaugh,* 54 Colo. 391, 398, 131 Pac. 262.

The evidence, however, was competent for another purpose. The rule is that, while as against a mere wrongdoer a plaintiff may recover the chattel's value even though he has but a special property therein, yet against one with a right subject to that of plaintiff (defendant in counterclaim) he may recover only the loss which he suffers. 38 Cyc. 2088, 2089; *Cramer v. Marsh,* 5 Colo. App. 302, 38 Pac. 612. It is clear, therefore, that plaintiff in the present case had a right to show that it had a claim on the note in

question as against Calvert even though it should be conceded or proved that defendant had a superior claim. For that purpose the pleadings mentioned in the instruction were competent, and were not res inter alios acta. Just as a junior mortgagee may introduce in evidence his note and mortgage or any judgment thereon though the senior mortgagee had nothing to do with them, so the junior pledgee may do likewise. To this end the evidence was not to defeat the defendant's property in the note but to show the plaintiff's property in it subject to that of defendant, or in other words, to show that the plaintiff bank was not a mere wrongdoer. It follows that instruction No. 6 was erroneous.

The plaintiff offered in evidence the record in a suit in New Mexico by the plaintiff bank against Calvert in which it had recovered judgment against him on the $5,000 note mentioned above, with the foreclosure of the pledge of the note in dispute. The rejection of this record was wrong for the reason that instruction No. 6 was wrong.

The plaintiff claims that the two other $9,250 notes are more than enough to secure defendant's claim of $17,000 and that therefore his damages for the conversion of the third note are nothing, or, at least, that he must, to show that he has been damaged, prove the loss or insufficiency of that collateral. It would seem that this conclusion followed from what we have already said. Since the plaintiff is not a mere wrongdoer, but claims under the original payee, the defendant can recover no more than the amount of his principal claim. It therefore behooves him, in order to recover the full amount of the converted note, to show that the amount still due him from that source equals the collateral in dispute. But the evidence of the defendant is that the note in dispute was collateral to the $10,000 note, and that the latter was sent to the American National Bank of Alamosa for some purpose. Since there is nothing further shown, it must be presumed to be unpaid; one $9,250 is insufficient to secure $10,000; the defendant has, therefore, fulfilled this requirement sufficiently to create some liability from plaintiff though the amount is not clear.

The plaintiff requested the following instruction, numbered 3: "The court instructs the jury that though the jury may believe from the evidence that the plaintiff is guilty of converting the promissory note of the Calvert Cattle Company in the sum of $9,250, as alleged by the defendant, still if the jury further finds from the evidence and under the instructions of the court that the defendant was not the general owner of the property nor responsible to the general owner for its return, but only had a special interest therein as the pledgee of said collateral notes as security for certain notes given him by Simon P. Calvert, then he can only recover the value of such special interest. And if the jury further finds that there is no evidence before it tending to show the value of such special interest, then the jury can only give a verdict in favor of the defendant on account of such conversion for nominal damages."

If we are right in what we have said above this instruction or something equivalent should have been given.

The plaintiff requested the following, numbered 4: "The court instructs you as a matter of law that no damage can be allowed to the defendant in this case on the theory that he is answerable to Simon P. Calvert on account of the promissory note which he alleges the plaintiff converted because, in so far as Calvert is concerned, his rights therein have been finally determined in the court of a sister state having jurisdiction of the parties and the subject matter and Calvert is estopped from making any claim against the defendant Booth on account of the conversion of said promissory note."

It was rightly refused, since Booth was not a party to that suit Calvert is not necessarily precluded thereby.

Judgment reversed and new trial granted.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE WHITFORD, concur.

*On Rehearing.*

MR. JUSTICE DENISON.

Upon the foregoing opinion the plaintiff in error, though successful, moved for a rehearing and we granted it only on the question of the effect of the evidence of judicial admissions of the witness Calvert.

Counsel now urge again, with great force, that on his counterclaim for conversion of the $9,250 note defendant Booth showed no damage; that the only possible damage was either (1) on the ground that Calvert might require him to account for the converted note; or (2) that, without it, his claim against Calvert for which the note was collateral would be uncollectible or partly so.

As to the first point: Plaintiff does not claim that Booth is bound by Calvert's admissions, or by the judgment against Calvert any further than that they bar any claim by Calvert to any interest in the note, but that far he does claim and we think he is right. Since Calvert cannot deny to the bank that it rightly holds the note, he cannot claim that Booth is under any obligation to get it from the bank and return it to him. To that extent we modify our former opinion.

As to the second point: Plaintiff urges that defendant has not proved any such damage and so asks us to direct the dismissal of his cross-complaint. We cannot do so. As the evidence stands, the $10,000 note is unpaid and the unconverted $9,250 note will not cover it. Booth is deprived of security for the balance; therefore we cannot say he is not damaged. The amount of damage must be determined at the next trial. We adhere to our former decision that judgment be reversed and new trial granted.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.