No. 11,242.

DeSollar v. Blauvelt.

Decided June 1, 1925.

Action to enforce performance of a contract. Judgment for defendant.

*Affirmed.*

On Application for Supersedeas.

1. Pleading—*Contract.* In an action to enforce the performance of a contract, there must be an allegation that a contract was entered into between the parties, or something equivalent thereto.

2. Appeal and Error—*Findings—Presumption.* In an action to enforce the performance of a contract, on the issue of whether there was a contract, there being a general finding for defendant it will be presumed on review that the trial court found there was none, unless the evidence of its existence is unquestionable.

Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.

Mr. Frederick D. Anderson, Mr. A. K. Barnes, Mr. Kent S. Whitford, for plaintiff in error.

Mr. William L. Boatright, Attorney General, Mr. Charles Roach, Deputy, Mr. Oliver Dean, Assistant, for defendant in error.

*Department Two.*

Mr. Justice Denison delivered the opinion of the court.

The plaintiff in error brought this action as a tax payer to compel the state highway engineer to carry out an alleged contract whereby the Strange-Maguire Paving

Company was to pave a certain highway, and to enjoin the defendant from advertising again for bids for the work. A demurrer to the complaint was overruled, an answer and replication were filed, and upon trial the court found generally for defendant and gave him judgment.

The defendant in error now claims that the demurrer should have been sustained. It is doubtful whether the complaint states that a contract was entered into or made by the parties. Something equivalent to this was necessary (*Denver v. Bowen*, 67 Colo. 315, 184 Pac. 357), and precedent sanctions are presumed and their lack is a matter in confession and avoidance (*Id.*; *Gelpcke v. Dubuque*, 1 Wall. 221, 17 L. Ed. 519). The complaint states all the evidential details, such as advertising for bids, making them, and many other things, which, under the above cases, are not traversable, but does not state the making of a contract, unless when it says that the engineer "let the contract to said company." We will assume, however, that this was a sufficient allegation of the making of the contract. It was denied. This issue was determined for the defendants by the general findings, and that compels affirmance unless under the evidence the existence of the contract is unquestionable. The evidence of the defendant showed there was no contract; the existence of a contract, then, was not unquestionable. The arguments of plaintiff in error go to the weight of the evidence with which the court below was concerned but we are not. True, as he says, there was no dispute about what was said and done, but there was no writing and no direct and unqualified oral contract. Diverse inferences from this evidence may be drawn and are drawn by opposing counsel. The trial court adopted the defendant's theory. It would serve no purpose to review this evidence. We must say there was no contract. This conclusion forecloses the other points made by plaintiff in error.

Supersedeas denied and judgment affirmed.

Mr. Chief Justice Allen and Mr. Justice Burke concur.