## No. 11,265

### GOLDSTEIN *v.* ROCKY MOUNTAIN ENVELOPE CO.

Decided November 30, 1925.

Action on contract.  Judgment for defendant.

### *Reversed.*

1.  DAMAGES—*Difficulty of Determination.*  The fact that a loss cannot be exactly determined is no reason for denying the wronged party relief.  However difficult it may be to ascertain the amount, the court must give judgment for such damages as are sustained.

2.  APPEAL AND ERROR—*Disputed Facts—Directed Verdict.*  Where a case involves issues of disputed facts, it should be submitted to the jury, and a motion for a directed verdict should not be granted.

*Error to the District Court of the City and County of Denver,*
*Hon. Julian H. Moore, Judge.*

Mr. HENRY V. JOHNSON, for plaintiff in error.

Mr. LESLIE E. GREENE, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE court below directed a verdict in favor of the defendant company in a suit by Goldstein on a contract of the company to sell him their waste paper for a period of three months at certain specified prices, and Goldstein brings error.

The reason given by the court for its action was that the proof of damages was not sufficient. We cannot agree with that proposition. Plaintiff testified that at the date of the contract which was the beginning of the three months, Lake, president and manager of the defendant company, told him that of white shavings he got each day between 250 and 300 pounds, of manila about 200 pounds a day; of mixed paper about a hundred pounds a day. This was competent evidence and was undenied. Plaintiff also proved the freight rates on paper to Chicago, and the market price in Chicago which would have given him a profit. True, there was no proof as to what amount of waste the defendant produced during the three months covered by the contract, but unquestionably it produced something; the amount which it produced in the three months was especially and exactly in the knowledge of the defendant and the jury would have the right to infer that it would be the same as that immediately before, which would be according to the representations of Lake. The fact that a loss cannot be exactly determined is no reason why the wrong should go unredressed and the wrongdoer escape entirely at the expense of his victim. *Denver v. Bowen,* 67 Colo. 319, 184 Pac. 357.

"Whenever there has been a breach of contract the plaintiff must necessarily be entitled to some damages, and, however difficult it may be to ascertain the amount, the

court must give judgment for such damages in all personal actions." 1 Chitty's Pleading, 338.

It was claimed that a certain check was given by defendant and received by plaintiff in full satisfaction of the claim in suit but this was disputed in the evidence. The case should have gone to the jury.

Judgment reversed and new trial granted.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.