## No. 11,199.

### HAYNES *v.* ZANG, ET AL.

Decided February 1, 1926. Opinion modified March 15, 1926.

Action for conversion of corporate stock. Judgment of nonsuit.

*Affirmed in Part.*

*Reversed in Part.*

1. CONVERSION—*Corporate Stock—Securities.* If corporate stock is delivered to one for the purpose of securing a loan of $1,000, it is a conversion to pledge it for $2,000.

   It would be a conversion of corporate stock delivered to be used as security for the payment of time notes, to pledge it for demand notes.

   It is a conversion of corporate stock where one procures it from another with the purpose of putting it in such condition that he can get it for himself, and the purpose is consummated.

2. DAMAGES—*Conversion.* In an action for damages for the conversion of corporate stock, conversion being established, and the evidence showing some value, it was for the jury to assess damages.

3. CONVERSION—*General Denial—Evidence.* In an action for conversion of corporate stock, record reviewed and held, that all defensive evidence would have been competent under a general denial.

4. PLEADING—*Conversion—Defense.* Under the facts disclosed, a complaint for converting corporate stock should merely have stated a conversion and the answer denied it; any defense of set-off, justification, excuse or discharge being pleaded separately.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. F. W. SANBORN, Mr. HERBERT M. MUNROE, Mr. JOHN T. DUGAN, for plaintiff in error.

Messrs. FILLIUS, FILLIUS & WINTERS, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

HAYNES was nonsuited in the district court in an action brought by him against Zang and the Western Appraisal Company and brings error.

The complaint is full of evidential matter in violation of many decisions of this court, and prolix to an extreme degree, in violation of the Code, but from it may be gathered two claims, viz: (1) That defendant converted to his own use certain stock of the plaintiff in the Western Appraisal Company, and (2) that he conspired with said company, and acted with it to obtain possession of said stock and so dispose of it as to deprive plaintiff thereof. The second, we think, amounts to a conversion; consequently the action was simply one for the conversion of the stock. The answers, except a counterclaim, were denials and matter which could have been proved under a denial of the conversion; the plaintiff's ownership of the stock was undisputed, the real issue, therefore, was conversion vel non. The question on motion for nonsuit, then, was and for us is: Was conversion proved?

The evidence for plaintiff, so far as here essential, showed that Zang and Haynes owned all the stock issued except two or three qualifying shares. The company was formed by them, and they contributed to it equally. It was run at a loss and money was from time to time borrowed of the bank on stock as collateral, put up in equal shares by them. Zang endorsed the notes but Haynes did not. These notes were all time notes; mostly, perhaps all, ninety days. June 30, 1923, there

was a pay roll of about $500 past due, and another approaching, and Zang said if Haynes would put up his remaining stock as collateral with his (Zang's) he could arrange to get a thousand dollars to tide over the pay roll. Haynes then delivered to Zang 200 shares for that purpose. There was nothing said about how long the notes were to run, but Haynes assumed they would run ninety days as theretofore. On July 5th Zang borrowed $2,000 for the company, gave demand notes, put up the stock as security with a collateral agreement in the notes permitting foreclosure and sale at any time, and the next day at 9 a. m. he bought the notes of the bank, and at 11:15 a. m. of the same day bought the collateral at foreclosure sale.

There was room here for the jury to find a conversion: (1) If the stock was delivered to Zang to borrow $1,000, it was a conversion to pledge it for $2,000. (2) There is evidence tending to show that Zang knew that Haynes thought it was to be used as security for time notes. If the jury believed that, they must have found it to be conversion to put the stock up for demand notes. (3) There is also evidence that Zang planned to get, and in pursuance of such plan got, the stock with the intention of putting it in such a condition that he could get it for himself. Of course he knew that the stock was not delivered to him for any such purpose as that, and the consummation of it was conversion. Thus, in three ways defendant is shown by plaintiff's evidence to have used the stock for a purpose different from that for which it was delivered. Each was conversion.

In view of what we have said the question of conspiracy becomes immaterial. The claim that no damages was shown is unsound. The stock is shown by some of the evidence to have had some value and that was for the consideration of the jury. *Goldstein v. Rocky Mt. Env. Co.,* 78 Colo. 341, 241 Pac. 1110.

The pleadings should be amended. The answer is as faulty as the complaint and for the same reason. The complaint should state merely a conversion of the stock and the answer should deny it. Estee's Pl. (4th Ed.) § 2099; *Casco Co. v. Central Co.,* 75 Colo. 478, 480, 226 Pac. 868. All the evidence before us would be competent under such issue. *Payne v. Williams,* 62 Colo. 86, 160 Pac. 196. If defendant has any defense of set-off, justification, excuse or discharge he may, of course, plead it separately.

Judgment reversed and new trial granted.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.

## On Rehearing.

Judgment affirmed as to the Western Appraisal Company.